## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILARY PALENCAR,** | : | **CIVIL NO. 3:15-CV-1189** |
| | : | |
| **Plaintiff,** | : | **(Judge Mannion)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **STANLEY RAIJSKI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who is proceeding *pro se*, commenced this action by a complaint, which she then amended. (Docs. 1 and 10.) The plaintiff has now filed a motion for leave to submit a second amended complaint. (Doc. 31.)

This motion to amend is unaccompanied by any proposed amended complaint, as required by Local Rule 15.1 which provides as follows:

**LR 15.1 Amended Pleadings.**

**(a) Proposed amendment to accompany the motion.**

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the

1

amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

**(b) Highlighting of amendments.**

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

Local Rule 15.1.

Since this motion to  amend violates Local Rule 15.1, IT IS ORDERED as follows:

1. The plaintiff's motion to amend, (Doc. 31), is DENIED without prejudice.

2. If the plaintiff seeks leave to further amend her pleadings, the plaintiff is directed to prepare a comprehensive proposed amended complaint, and submit this proposed amended complaint, along with a motion to amend in the form called for by Local Rule 15.1, and a brief in support of this motion, on or before, **May 6, 2016.**

3. We instruct the plaintiff that this "amended complaint must be complete

in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

4.   This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain

3

statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED, this 5th  day of April, 2016.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge