**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILARY PALENCAR,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-1189** |
| **v.** | : | **(MANNION, D.J.)** |
| | | **(CARLSON, M.J.)** |
| **STANLEY RAIJSKI,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

Pending before the court is the report of Judge Martin C. Carlson, which recommends that the defendant's motion to dismiss the plaintiff's amended complaint, (Doc. 17), be granted and that the plaintiff's motion to file a second amended complaint, (Doc. 35), be denied, but that the plaintiff be permitted to file an amended complaint which addresses the deficiencies noted by Judge Carlson in his report. (Doc. 37). The plaintiff has not filed objections to Judge Carlson's report, but has instead filed a proposed third amended complaint. (Doc. 38).

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v.*

*Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As discussed by Judge Carlson, the plaintiff appears, in her amended complaint, to be alleging that the defendant intentionally discriminated against her on the basis of her disability and refused to make reasonable accommodations to her on account of her disability in violation of the Fair Housing Act, ("FHA"), 42 U.S.C. §3601, and the Americans with Disabilities Act, ("ADA"). (Doc. 10). The defendant moved to dismiss the amended complaint, (Doc. 17), and the plaintiff filed a motion to file a second amended complaint, (Doc. 35). Like the amended complaint, the plaintiff's second amended complaint names Mr. Raijski as a defendant and attempts to allege claims under the FHA and the ADA. However, in her proposed second amended complaint, the plaintiff also seeks to add numerous parties, including some federal officials, and to incorporate additional legal claims. To this extent, the plaintiff adds a civil rights claim under 42 U.S.C. §1983, as well as a new claim of disparate treatment by Mr. Raijski. The plaintiff also includes a claim for injunctive relief in her second amended complaint seeking

2

an order directing the Secretary of the Department of Housing and Urban Development to "help her gain admission to law school" and pay for her law school expenses.

In considering the allegations contained in both the plaintiff's amended complaint and proposed second amended complaint, Judge Carlson concluded that, in many instances, the plaintiff's allegations represent challenges that are not amenable to resolution through litigation. In so concluding, Judge Carlson determined that the plaintiff's claims fail as a matter of law. Initially, Judge Carlson pointed out that the plaintiff may not sue federal officials individually under §1983. Moreover, to the extent that the plaintiff faults officials for their investigation of her prior complaints, Judge Carlson determined that she has not alleged sufficient personal involvement in wrongdoing by the defendants to sustain a civil rights claim. Judge Carlson also discussed how a number of the plaintiff's allegations are time-barred pursuant to the two-year statute of limitations applicable to §1983 actions, as well as actions brought under the FHA and the ADA. As for the plaintiff's request for injunctive relief, Judge Carlson determined that the request was inappropriate, as any such relief would enjoin the conduct of persons and entities who are not parties to this litigation and would further be far afield from the issues in this lawsuit. Finally, after discussing the standards for

3

claims under the FHA and ADA, of which the plaintiff was previously made aware, Judge Carlson pointed out that it was not enough for the plaintiff to describe a series of housing maintenance concerns in her complaint, but that the plaintiff had to plead facts that plausibly link her housing maintenance concerns to disability bias for her intentional discrimination claim. As for her reasonable accommodation claim, Judge Carlson noted that the plaintiff's amended and proposed second amended complaints are premised on the notion that her landlord's refusal to address her hyper-sensitivity to noise by allowing her to either choose the tenant in the adjoining apartment, or effectively veto the landlord's future rental decisions, constituted a culpable failure to reasonably accommodated. As discussed, however, courts have rejected the idea that landlords are compelled under the FHA to configure their lessees in adjoining apartments in a fashion which meets the noise requirements of mentally disabled tenants. See e.g., Groner v. Golden Gate Apts., 250 F.3d 1039, 1047 (6th Cir. 2001).

In light of the foregoing, Judge Carlson recommends that the defendant's motion to dismiss the plaintiff's amended complaint be granted and that the plaintiff's motion to file her proposed second amended complaint be denied. Judge Carlson further recommends, however, that the plaintiff be provided with a final opportunity to correct the defects in her pleadings by

4

filing an amended complaint which addresses claims that are justiciable.

The court has reviewed the recommended bases for dismissal of the plaintiff's amended complaint and finds no clear error of record. Further, upon review, the court agrees that it would be futile to allow the plaintiff to file her proposed second amended complaint. As such, the court will adopt the recommendations of Judge Carlson related to these filings. As noted above, rather than file objections to Judge Carlson's report, the plaintiff has filed a proposed third amended complaint. The court will further adopt Judge Carlson's recommendation that the plaintiff be permitted one final opportunity to properly present her claims to the court. Along this line, the court will accept for filing the plaintiff's proposed third amended complaint and the matter will be remanded to Judge Carlson to determine whether the plaintiff's proposed third amended complaint presents justiciable claims.

On the basis of the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  July 11, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1189-02.wpd

5