UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILARY PALENCAR, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-1189 |
| v. | : | (MANNION, D.J.)<br>(CARLSON, M.J.) |
| STANLEY RAIJSKI, | : | |
| Defendant | : | |

**MEMORANDUM**

Pending before the court is the report of Judge Martin C. Carlson, (Doc. 54), which recommends that the defendant's motion to dismiss the plaintiff's third amended complaint, (Doc. 44), be granted, in part. Specifically, Judge Carlson recommends that all of the plaintiff's claims, except her claim alleging interference or retaliation pursuant to 42 U.S.C. §3617, be dismissed. As for the plaintiff's §3617 claim, Judge Carlson recommends that the plaintiff be directed to file a more definite statement of her claim, asserting facts which allow for an informed evaluation of the claim. The plaintiff has filed timely objections to Judge Carlson's report. (Doc. 55).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of background, the plaintiff, a *pro se* litigant, originally filed this action on June 17, 2015. Judge Carlson gave the plaintiff's complaint preliminary consideration and recommended that a majority of the plaintiff's claims be transferred to the United States District Court for the District of Maine, as venue in this District was improper as to those claims. As to the claims presented against the one defendant for whom venue was proper,

defendant Raijski, Judge Carlson recommended that the plaintiff be directed to file an amended complaint, as her original complaint was deficient. (Doc. 3). By memorandum and order dated September 8, 2015, the undersigned adopted Judge Carlson's report in its entirety and remanded the action to Judge Carlson for further proceedings.[1] (Doc. 8, Doc. 9).

The plaintiff filed an amended complaint against defendant Raijski on September 18, 2015, (Doc. 10), followed by a motion to correct the amended complaint on December 29, 2015, (Doc. 16). On the following day, the defendant filed a motion to dismiss the plaintiff's amended complaint. (Doc. 17). Judge Carlson granted the plaintiff's motion to correct her amended complaint on January 25, 2016. (Doc. 23). Rather than filing a corrected amended complaint, on February 26, 2016, the plaintiff filed a motion for leave to file a second amended complaint. (Doc. 31). Judge Carlson denied the plaintiff's motion for leave to file a second amended complaint and directed that, if the plaintiff was seeking leave to further amend her pleadings, she was to prepare a comprehensive proposed amended complaint and submit it along with a motion to amend in accordance with L.R. 15.1. (Doc. 33, Doc. 34).

On April 6, 2016, the plaintiff filed a second motion for leave to file a

---

[1] In the memorandum, the court also ruled upon the plaintiff's request for the recusal of Judge Carlson, denying the request as having no basis.

second amended complaint, along with the proposed second amended complaint. (Doc. 35). A supporting brief was filed on April 8, 2016. (Doc. 36). By report dated, June 16, 2016, Judge Carlson recommended that the defendant's motion to dismiss the plaintiff's amended complaint be granted and that the plaintiff's second motion for leave to amend be denied. (Doc. 37). Noting the legal obstacles that prevent the court from assisting the plaintiff with her claims, Judge Carlson further recommended, however, that the plaintiff be permitted to lodge yet another amended complaint which would cure the deficiencies outlined in his report.

On June 20, 2016, prior to this court considering Judge Carlson's report and recommendation, the plaintiff filed her third amended complaint. (Doc. 38). Following this, on July 11, 2016, the undersigned issued a memorandum and order adopting the June 16, 2016, report of Judge Carlson in its entirety and accepting for filing the plaintiff's third amended complaint. (Doc. 41). The matter was remanded to Judge Carlson for further proceedings.

On August 1, 2016, defendant Raijski filed a motion to dismiss the plaintiff's third amended complaint. (Doc. 44). After having been granted an extension of time to do so, (Doc. 48), defendant Raijski filed a brief in support of his motion to dismiss, (Doc. 49). In the meantime, the plaintiff had filed a premature brief in opposition to the motion to dismiss on August 2, 2016.

(Doc. 46). Upon request, (Doc. 50), the plaintiff was granted permission to file a second opposing brief, (Doc. 51), which she proceeded to do on September 21, 2016, (Doc. 52).

By report dated November 9, 2016, Judge Carlson has recommended that the defendant's motion to dismiss the plaintiff's third amended complaint be granted, in part, in that all of the plaintiff's claims, except her §3617 claim, be dismissed. As to the §3617 claim, Judge Carlson recommends that the plaintiff be directed to file a more definite statement of her claim, asserting facts which allow for an informed evaluation of the claim. (Doc. 54). The plaintiff has filed her objections to Judge Carlson's report. (Doc. 55).

In reviewing the plaintiff's third amended complaint, the court notes, as did Judge Carlson, that many of the allegations set forth by the plaintiff in support of her discrimination and failure to accommodate claims are repetitive of those previously found insufficient by the court. The court has reviewed Judge Carlson's reasons for the recommended dismissal of these claims, as well as the plaintiff's objections to Judge Carlson's report as to these claims, which are more of a personal attack upon Judge Carlson rather than substantive objections.[2] The court agrees with the sound reasoning which has

---

[2]This, despite the fact that Judge Carlson has recommended that the plaintiff be given numerous opportunities to adequately present her claims.

led Judge Carlson to recommend dismissal of the plaintiff's discrimination and failure to accommodate claims. As such, the court will adopt Judge Carlson's recommendation with respect to the plaintiff's discrimination and failure to accommodate claims.

In addition to the discrimination and failure to accommodate claims, the plaintiff has included additional allegations in her third amended complaint relating to a retaliation claim pursuant to 42 U.S.C. §3617. As to this claim, the plaintiff alleges that she exercised her rights under the Fair Housing Act by submitting a complaint back in 2012 to the Department of Housing and Urban Development. Judge Carlson has reviewed the plaintiff's allegations in her third amended complaint in relation to this claim, as well as the requirements necessary for the plaintiff to properly state a claim pursuant to §3617. He has concluded that, in order for the defendant and the court to be able to adequately address this claim, the plaintiff should be required to provide a more definite statement as to her claim. Although the plaintiff refers to Fed.R.Civ.P. 12(e) as a "carrot of a stick" which is good for "absolutely nothing," the court finds that a more definite statement which fleshes out the factual basis of the plaintiff's retaliation claim will assist both the defendant and the court in addressing the merits of the plaintiff's claim. As such, the court will adopt Judge Carlson's recommendation that the plaintiff be directed

to file a more definite statement as to her §3617 claim. In filing her more definite statement, the plaintiff should take note of the advisements provided by Judge Carlson in his report, (Doc. 54, pp. 21-22).

On the basis of the foregoing, an appropriate order shall issue.


                                                s/ *Malachy E. Mannion*
                                                **MALACHY E. MANNION**
                                                **United States District Judge**

**Date:  November 23, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1189-03.wpd