**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILARY PALENCAR,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:15-1189 |
| v. | : | (MANNION, D.J.) |
| **STANLEY RAIJSKI,** | : | |
| Defendant | : | |

**MEMORANDUM**

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the instant action be dismissed. (Doc. 63). Specifically, Judge Carlson references correspondence from the plaintiff in which she indicates that she no longer wishes to proceed with the instant action. (Doc. 62). On January 25, 2017, the plaintiff filed "objections" to Judge Carlson's report. (Doc. 64). Upon review, the plaintiff does not substantively object to the report and, in fact, confirms her intent to discontinue the instant action. (Doc. 64).

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether

timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of background, the plaintiff, a *pro se* litigant, originally filed this action on June 17, 2015. Judge Carlson gave the plaintiff's complaint preliminary consideration and recommended that a majority of the plaintiff's claims be transferred to the United States District Court for the District of Maine, as venue in this District was improper as to those claims. As to the claims presented against the one defendant for whom venue was proper, defendant Raijski, Judge Carlson recommended that the plaintiff be directed to file an amended complaint. (Doc. 3). By memorandum and order dated September 8, 2015, the undersigned adopted Judge Carlson's report in its entirety and remanded the action to Judge Carlson for further proceedings.[1] (Doc. 8, Doc. 9).

The plaintiff filed an amended complaint against defendant Raijski on September 18, 2015, (Doc. 10), followed by a motion to correct the amended complaint on December 29, 2015, (Doc. 16). On the following day, the defendant filed a motion to dismiss the plaintiff's amended complaint. (Doc. 17). Judge Carlson granted the plaintiff's motion to correct her amended complaint on January 25, 2016. (Doc. 23). Rather than filing a corrected

---

[1]In the memorandum, the court also ruled upon the plaintiff's request for the recusal of Judge Carlson, denying the request as having no basis.

amended complaint, on February 26, 2016, the plaintiff filed a motion for leave to file a second amended complaint. (Doc. 31). Judge Carlson denied the plaintiff's motion for leave to file a second amended complaint and directed that, if the plaintiff was seeking leave to further amend her pleadings, she was to prepare a comprehensive proposed amended complaint and submit it along with a motion to amend in accordance with L.R. 15.1. (Doc. 33, Doc. 34).

On April 6, 2016, the plaintiff filed a second motion for leave to file a second amended complaint, along with the proposed second amended complaint. (Doc. 35). A supporting brief was filed on April 8, 2016. (Doc. 36). By report dated, June 16, 2016, Judge Carlson recommended that the defendant's motion to dismiss the plaintiff's amended complaint be granted and that the plaintiff's second motion for leave to amend be denied. (Doc. 37). Noting the legal obstacles that prevent the court from assisting the plaintiff with her claims, Judge Carlson further recommended, however, that the plaintiff be permitted to lodge yet another amended complaint which would cure the deficiencies outlined in his report.

On June 20, 2016, prior to this court considering Judge Carlson's report and recommendation, the plaintiff filed her third amended complaint. (Doc. 38). Following this, on July 11, 2016, the undersigned issued a memorandum and order adopting the June 16, 2016, report of Judge Carlson in its entirety and accepting for filing the plaintiff's third amended complaint. (Doc. 41). The matter was remanded to Judge Carlson for further proceedings.

On August 1, 2016, defendant Raijski filed a motion to dismiss the plaintiff's third amended complaint. (Doc. 44). After having been granted an extension of time to do so, (Doc. 48), defendant Raijski filed a brief in support of his motion to dismiss, (Doc. 49). In the meantime, the plaintiff had filed a premature brief in opposition to the motion to dismiss on August 2, 2016. (Doc. 46). Upon request, (Doc. 50), the plaintiff was granted permission to file a second opposing brief, (Doc. 51), which she proceeded to do on September 21, 2016, (Doc. 52).

By report dated November 9, 2016, Judge Carlson recommended that the defendant's motion to dismiss the plaintiff's third amended complaint be granted, in part, in that all of the plaintiff's claims, except her §3617 claim, be dismissed. As to the §3617 claim, Judge Carlson recommended that the plaintiff be directed to file a more definite statement of her claim, asserting facts which would allow for an informed evaluation of the claim. (Doc. 54). The plaintiff filed objections to Judge Carlson's report. (Doc. 55). By memorandum and order dated November 23, 2016, the court adopted Judge Carlson's report in its entirety, (Doc. 56, Doc. 57), and the plaintiff was directed to file a more definite statement on or before December 9, 2016.

On November 29, 2016, the plaintiff filed her more definite statement, (Doc. 58), which was followed on December 13, 2016, by yet another motion to dismiss by the defendant. (Doc. 59). A brief in support of the defendant's motion to dismiss was filed on December 27, 2016. (Doc. 60). When no

opposing brief was received from the plaintiff, Judge Carlson issued an order on January 24, 2017, advising the plaintiff to file a response by February 3, 2017, or risk having her action dismissed. (Doc. 61). On the same day, the plaintiff filed the correspondence referenced by Judge Carlson in the pending report, in which she indicates that she is no longer able to proceed with the instant action. (Doc. 62). In his report, Judge Carlson has reviewed each of the factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), to determine whether dismissal is appropriate in this case. Judge Carlson concluded that an analysis of the Poulis factors, in fact, calls for dismissal of this case.

The court has reviewed both Judge Carlson's report, as well as the plaintiff's response thereto. Given the plaintiff's indication that she is no longer willing or able to pursue the instant action, the court will adopt Judge Carlson's recommendation and direct that the instant action be dismissed.

On the basis of the foregoing, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  February 15, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1189-04.wpd