# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILARY PALENCAR,** | : | Civil No. 3:15-CV-1189 |
| | : | |
| **Plaintiff** | : | **(Judge Mannion)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **STANLEY RAIJSKI, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

The plaintiff, Hilary Palencar, initiated this action by filing a complaint on June 17, 2015, naming numerous defendants and asserting claims under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. Although Ms. Palencar filed a number of amended complaints in this case, she ultimately conceded to the defendants' motion to dismiss the litigation in January 2017, without the merits of the plaintiff's claims never being fully considered or tried. (Doc. 62.) The undersigned entered a report and recommendation recommending that the case be dismissed (Doc. 63), and on February 15, 2017, the district court dismissed the case and directed the Clerk of Court to have it marked closed. (Doc. 66.)

Although this action has now been closed for well over a year, the plaintiff recently wrote to the Court by email expressing concern that some of the information contained in documents issued by this Court on the docket was of a

sensitive personal nature, and she articulated concerned with how easily these public court filings could be accessed through an internet search. It appears that Ms. Palencar first requested that online services such as PACER strike all record of this litigation, but she was unable to persuade these services to remove public records from the internet. Frustrated in this effort, Ms. Palencar wrote to the Court to request that the entirety of this litigation be sealed so that the public would be unable to review any of the records of the case.

We are unable to grant the full scope of relief that the plaintiff seeks, as it would run counter to well-settled legal guidelines mandating a presumption that federal legal proceedings are a matter of public record, and therefore should be open and subject to access by the public. The Third Circuit Court of Appeals has "recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute.'" Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)). Indeed, the Third Circuit has noted that the act of filing a document in federal court carries with it the "presumptive right of public access." Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 161-62 (3d Cir. 1993).

Nevertheless, courts do retain a measure of discretion in entering orders to seal litigation records, approve confidentiality agreements, and enter protective orders where the public disclosure of certain material may "work a clearly defined

2

and serious injury to the party seeking closure." Publicker Indus. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). The party requesting a sealing order must demonstrate this harm with specificity, and "'[b]road allegations of harm unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). The burden of justifying the entry of a confidentiality order is on the party requesting the order. Id. at 786-87.

In determining whether good cause exists to justify sealing any judicial records, courts are to engage in a balancing process involving consideration of multiple factors. One of the primary factors, naturally, is a party's interest in privacy, and in appropriate cases it is proper "for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." Pansy, 23 F.3d at 787. This factor is diminished in importance where the party seeking the protective order is a public official, or where the information regards important matters of public health and safety. Id. at 788. Conversely, if a case involves private parties "and concerns matters of little legitimate public interest," that factor weighs in favor of a grant of confidentiality. Id.

Turning to this case, guided by the foregoing considerations, we find that it is appropriate to enter an order sealing the undersigned's reports and recommendations that were entered during this course of this litigation. As the plaintiff has ably argued, some of the matters addressed in those reports concern the plaintiff's health, and she has asserted that her interest in the privacy of those matters justify entry of a sealing order. In this case, Ms. Palencar seeks some reasonable measure of protection over the dissemination of judicial records that comment upon private medical matters, and she has particularly alleged that third parties have already sought to access this information, causing her considerable stress and embarrassment. We believe that in a case involving claims that were dismissed by the plaintiff, where those claims were essentially private in nature, and of little interest to the public, the plaintiff has demonstrated good cause to seal this Court's reports and recommendation to guard against further risk of embarrassment or unnecessary invasion of the her privacy in health-related matters. We further find, following review of the docket in this case, that the only judicial records that include the information that the plaintiff seeks to keep private are the reports and recommendation that the undersigned issued when considering the motions to dismiss that had been filed prior to the plaintiff conceding to the dismissal of her claims. We will therefore direct that those records be sealed.

Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court shall place under seal Docket Numbers 37, 54, and 63 in the record of this case. IT IS FURTHER ORDERED THAT this Order is entered without prejudice to the right of any third party to seek to have the sealing order lifted upon a showing of good cause.[1]

So ordered this 22d day of June, 2018.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

---

[1] Of course, in the unlikely event that we received an unsealing request relating to these requests we would provide Ms. Palencar with notice and an opportunity to be heard before acting upon any such request.