# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HILARY PALENCAR,** | : | Civil No. 3:15-CV-1189 |
| | : | |
| Plaintiff | : | (Judge Mannion) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **STANLEY RAIJSKI, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff, Hilary Palencar, initiated this action by filing a complaint on June 17, 2015, naming numerous defendants and asserting claims under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. Although Ms. Palencar filed a number of amended complaints in this case, she ultimately conceded to the defendants' motion to dismiss the litigation in January 2017, without the merits of the plaintiff's claims ever being fully considered or tried. (Doc. 62.) The undersigned entered a report and recommendation recommending that the case be dismissed (Doc. 63), and on February 15, 2017, the district court dismissed the case and directed the Clerk of Court to have it marked closed. (Doc. 66.)

Although this action had been closed for well over a year, in June of 2018, the plaintiff wrote to the Court by email expressing concern that some of the information contained in documents issued by this Court on the docket was of a sensitive personal nature, and she voiced a concern that these public court filings could be accessed through an internet search. Ms. Palencar wrote to the Court to request that the entirety of this litigation be sealed so that the public would be unable to review any of the records of the case.

On June 22, 2018, we entered an order which granted Ms. Palencar substantial relief in this regard. (Doc. 67.) At that time we explained to Ms. Palencar that we were unable to grant the full scope of relief that the plaintiff sought, as it would run counter to well-settled legal guidelines mandating a presumption that federal legal proceedings are a matter of public record, and therefore should be open and subject to access by the public. The Third Circuit Court of Appeals has "recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute.'" Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)). Indeed, the Third Circuit has noted that the act of filing a document in federal court carries with it the "presumptive right of public access." Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 161-62 (3d Cir. 1993).

Nevertheless, we recognized that the court retained a measure of discretion in entering orders to seal litigation records, approve confidentiality agreements, and enter protective orders where the public disclosure of certain material may "work a clearly defined and serious injury to the party seeking closure," Publicker Indus. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984), if the party requesting a sealing order demonstrated this harm with specificity. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)). We also informed Ms. Palencar that in determining whether good cause exists to justify sealing any judicial records, we must engage in a balancing process involving consideration of multiple factors. One of the primary factors, naturally, is a party's interest in privacy, and in appropriate cases it is proper "for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection." Pansy, 23 F.3d at 787. This factor is diminished in importance where the party seeking the protective order is a public official, or where the information regards important matters of public health and safety. Id. at 788. Conversely, if a case involves private parties "and concerns matters of little legitimate public interest," that factor weighs in favor of a grant of confidentiality. Id.

Turning to this case, guided by the foregoing considerations, we found that it was appropriate to enter an order sealing the undersigned's reports and recommendations that were entered during this course of this litigation. Accordingly, we ordered the Clerk of Court to place under seal Docket Numbers 37, 54, and 63 in the record of this case.

Despite granting Ms. Palencar this substantial relief, the plaintiff has once again communicated with us by email, asking that we seal the entire case file in this case. As we have previously explained, we cannot do this consistent with the well "recognized a right of access to judicial proceedings and judicial records, [which] right of access is 'beyond dispute.'" Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988). Therefore, we will DENY this request, and instruct Ms. Palencar that if she wishes to seek further relief she should do so by a motion and brief filed with the court, rather than through periodic emails.

So ordered this 12th day of September, 2018.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge